The Court

(present, Rutledge, Ch. J. Waties, J. and Bay, J.)
were clearly of opinion with the defendants on eve-try ground. That the note in question ought to be subject to *278 the rules of the common law, and could not legally be paid in average and proportion with bonds or deeds under seal.' That a contrary adjudication would be altering the common law by construction, when there were no express words in the clause making such alteration. That the clause in the county court act, seemed calculated rather to regulate the practice in those courts, than to change the legal efficacy of deeds under seal, or placing notes or memorandums in writing, without seal, upon a footing with them. That at all events, as the clause alluded to was involved in obscurity, and contained in itself a glaring contradiction in legal terms, they thought it was the duty of the court to resort back to the common law, and make that the rule of their decision in the present case; and the more especially, as the executor’s law recognised the principles of the common law in the payment of debts, and in no part justified the construction contended for by the plaintiffs.